85 F.3d 632
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmie J. MOHR, Defendant-Appellant.
 No. 95-1085.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1996.*
Decided May 10, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Jimmy Mohr of conspiring to distribute 100 or more kilograms of marijuana and the district court sentenced him to seventy months' imprisonment and four years supervised release. We affirmed that conviction and sentence on appeal. United States v. Edwards, Nos. 92-3789, unpublished order (7th Cir. May 19, 1994). Mohr then brought a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) alleging that (a ) he should not have been held accountable for the conduct of his co-conspirators, (b ) he had accepted responsibility for his conduct, (c ) he was dependent on drugs and alcohol, and (d ) his decision not to testify at trial and his ability to accept responsibility for his conduct were impacted by a mental disorder from which he suffers. The district court denied his motion and Mohr now appeals raising only the allegation that his mental disorder interfered with his ability to accept responsibility. Mohr does not allege that his mental condition prevented him from participating in his own defense but deterred him from pleading guilty.
 
 
 2
 The arguably relevant provisions of § 3582(c) allow for the modification of a sentence when expressly provided by statute or permitted under Fed.R.Crim.P. 35, or following an amendment to the Sentencing Guidelines which lowered the sentencing range for the conduct for which the defendant had been sentenced. 18 U.S.C. § 3582(c). No statute expressly permits the reduction of Mohr's sentence on the grounds that he alleges. Rule 35 does not provide a basis to reduce Mohr's sentence. And no amendment to § 3E1.1 of the Guidelines authorizes the reduction of a defendant's sentence under § 3582(c). See U.S.S.G. § 1B1.10. Therefore, Mohr is ineligible for a sentence reduction pursuant to § 3582 and the judgment of the district court is
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)